UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61591-CV-WILLIAMS
MAGISTRATE JUDGE REID

KENS METELLUS,

        Petitioner,

v.

DEP'T OF CORR.,

        Respondent.

## REPORT OF MAGISTRATE JUDGE

Petitioner has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking his judgment of conviction in Case No.10-000869CF10B, Seventeenth Judicial Circuit of Florida, Broward County. [ECF No. 1]. As further discussed below, the Petition should be DENIED.

### I.    Background

The state charged Petitioner with one count of trafficking in cocaine and one count of conspiracy to traffic in cocaine. [ECF No. 11-1 at 2[1]]. A jury convicted Petitioner of both offenses. [*Id.* at 6-7]. The trial court imposed two concurrent 15-year sentences. [*Id.* at 9-14].

Petitioner appealed, filing both an initial and supplemental brief. [*Id.* at 16, 84]. The Fourth District Court of Appeals ("Fourth District") affirmed without comment. *See Metellus v. State*, 231 So. 3d 1274 (Fla. 4th DCA 2017) (table).

Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. [ECF No. 11-2 at 2]. The trial court denied this motion based on the reasoning

---

[1] All page citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

1

in the state's response. [ECF No. 11-3 at 2, 16-17, 127]. The Fourth District affirmed without comment. *See Metellus v. State*, 267 So. 3d 394 (Fla. 4th DCA 2019) (table).

Petitioner timely filed this § 2254 Petition. [ECF No. 1]. The state filed a Response and supporting appendices. [ECF Nos. 10, 11, 12]. Petitioner did not reply, despite being notified that he may do so. [ECF No. 8 at 6].

## II.     Legal Standard Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1)'s "contrary to" clause, courts may grant the writ if the state court: (1) reaches a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) decides a case differently than the Supreme Court has on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under its "unreasonable application" clause, courts may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies it to the facts of the case. *Id.* at 413. "[C]learly established Federal law" consists of Supreme Court "precedents as of the time the state court renders its decision." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citation and emphasis omitted).

2

An unreasonable application of federal law differs from an incorrect application of federal law. *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation omitted). Under this standard, "a state prisoner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Courts "apply this same standard when evaluating the reasonableness of a state court's decision under § 2254(d)(2)." *Landers v. Warden*, 776 F.3d 1288, 1294 (11th Cir. 2015). That is, "[a] state court's . . . determination of facts is unreasonable only if no 'fairminded jurist' could agree with the state court's determination." *Id.* (citation omitted).

Under § 2254(d), where the decision of the last state court to decide a prisoner's federal claim contains no reasoning, federal courts must "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). "It should then presume that the unexplained decision adopted the same reasoning." *Id.*

A contrastable situation occurs when the decision of the last state court to decide a federal claim contains no reasoning and there is "no lower court opinion to look to." *Id.* at 1195. In this case, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 562 U.S. at 99 (citation omitted). Thus, "[s]ection 2254(d) applies even [though] there has been a summary denial." *Cullen v. Pinholster*, 563 U.S. 170, 187 (2011) (citation omitted). Because § 2254(d) applies, and because the last state court decision is unreasoned and there is no lower court decision to look to, "a habeas court must determine what arguments or theories . . . could have supported[]

3

the state court's decision[] and . . . ask whether [they] are inconsistent with [Supreme Court precedent]." *Harrington*, 562 U.S. at 102.

### III.   Discussion

A.   Claim One

#### 1.   *Petitioner's Argument*

Petitioner contends that he "was denied his Sixth and Fourteenth Amendment rights [because] he is both actually and legally innocent." [ECF No. 1 at 6]. In support, he cites an "attachment." [*Id.* at 6, 16-19]. In the attachment, which is rambling and conclusory, Petitioner states that he made an "involuntary false confession induced by police with improper influence." [*Id.* at 16]. Further, he states that the confidential informant involved in his offenses worked with the police to entrap him "for [improper] financial gain." [*Id.* at 16-18]. Additionally, he states that the cocaine involved in the transaction was improperly admitted at trial because the police did not maintain the "chain of custody" and because the lab analysist "tampered" with it. [*Id.* at 17-18].

Petitioner faults counsel for: (1) convincing him "to refuse to accept a 5 year plea offer;" (2) not raising an entrapment defense or arguing that his incriminating statements were involuntary; and (3) inadequately deposing the "false confession expert." [*Id.* at 18]. Apparently, Petitioner further faults counsel for inadequately challenging the admissibility of the cocaine because of the chain-of-custody and tampering issues. *See* [*id.* at 19]. Finally, Petitioner faults counsel for his "cumulative" errors. [*Id.*] Petitioner does not meaningfully elaborate on any of these allegations.

#### 2.   *Relevant Procedural Background*

Petitioner raised two claims on his initial direct appeal brief. The first was that his incriminating statements to the police were inadmissible because the state failed to "prove[] the

4

corpus delicti independently of the statements." [ECF No. 11-1 at 26]. However, he did not argue that these statements were involuntary or otherwise raise this claim as a federal claim. [*Id.* at 26-32]. Second, Petitioner argued that the trial court erred in overruling defense counsel's objection to the admission of cocaine evidence "on the ground that there was evidence of tampering and the state had not shown a chain of custody." [*Id.* at 33]. Yet Petitioner raised this claim purely on the ground of state-law evidentiary error. [*Id.* at 33-37].

Petitioner raised three claims in his Rule 3.850 motion. First, he argued that counsel ineffectively made certain comments during opening statement. [ECF No. 11-2 at 15-29]. Second, he argued counsel ineffectively failed to call an expert to testify regarding his incriminating statements. [*Id.* at 29]. Petitioner contended that, had counsel done so, the expert would have explained why Petitioner made the statements and/or shown that they were false. [*Id.* at 31]. Third, Petitioner contended that the cumulative effect of these two alleged errors constituted ineffectiveness. [*Id.* at 32-33].

### 3. *Failure to Exhaust*

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted).

Petitioner presented here only two of the subclaims he raised under claim one in state court: (1) the trial court erred in admitting the cocaine; and (2) counsel ineffectively failed to call the expert. Furthermore, petitioner raised the argument that the trial court erred in admitting the cocaine purely on state-law grounds. *See Baldwin*, 541 U.S. at 32 ("A litigant wishing to [exhaust] a federal issue can easily . . . cit[e] . . . the federal source of law on which he relies or a case

5

deciding such a claim on federal grounds, or [] simply label[] the claim 'federal'"). Thus, regarding claim one here, petitioner has exhausted only his argument that counsel ineffectively failed to call the expert. *See Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007) (*per curiam*) ("A petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." (citation omitted)).

The unexhausted claims are procedurally defaulted. *See Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 956-57 (11th Cir. 2016) (claim is procedurally defaulted on habeas review "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present [the claim] in order to meet the exhaustion requirement would now find the claim[ ] procedurally barred." (citation omitted)). Petitioner cannot return to the Fourth District and raise the claim that he must raise on direct appeal because an "issue not raised in an initial brief is deemed abandoned." *Hoskins v. State*, 75 So. 3d 250, 257 (Fla. 2011) (citation omitted). This rule is "independent and adequate." *See generally Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003); *see also Hernandez v. Jones*, No. 15-10184-CIV, 2017 WL 6558606, at *9 n.10 (S.D. Fla. Mar. 27, 2017) (citation omitted), *report and recommendation adopted*, No. 15-10184-CIV, 2017 WL 6604570 (S.D. Fla. Oct. 24, 2017).

Nor can Petitioner return to the trial court to raise the claims that he must raise in a Rule 3.850 motion. Under Florida law, a defendant generally must file a Rule 3.850 motion within two years after his "judgment and sentence become final." Fla. R. Crim. P. 3.850(b). The state contends here, and Petitioner does not dispute, that the Fourth District issued its mandate in his direct appeal on October 20, 2017. [ECF No. 10 at 3]; *see also Lewis v. State*, 196 So. 3d 423, 424 (Fla. 4th DCA 2016) ("A judgment and sentence become final for the purpose of rule 3.850 when any direct review proceedings have concluded and jurisdiction to entertain a post-conviction motion returns

6

to the trial court." (citation omitted)). Therefore, because more than two years have elapsed since that date, the trial court would deny a second Rule 3.850 motion as untimely.

Petitioner has not "demonstrate[d] cause for the default and actual prejudice as a result of the alleged violation of federal law, or [] that failure to consider the claims will result in a fundamental miscarriage of justice." *Jimenez*, 481 F.3d at 1342 (citation omitted). The allegations supporting claim one are too rambling and conclusory to support such an inference. In sum, every subclaim raised under claim one here is procedurally defaulted, except Petitioner's argument that counsel ineffectively failed to call the expert witness, and should be denied.[2]

### 4.   *Merits*

To establish a claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficiency, he must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. To prove prejudice, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

It is "all the more difficult" to prevail on a *Strickland* claim under § 2254(d). *Harrington*, 562 U.S. at 105. As the standards that *Strickland* and § 2254(d) create are both "highly deferential," review is "doubly" so when the two apply in tandem. *Id.* (citation omitted). Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable." *Id.* Rather, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s

---

[2] Petitioner's conclusory claim of cumulative error here is procedurally defaulted because he exhausted only one of the alleged errors on which he bases it. A claim of cumulative error necessarily involves more than one "individual error[]." *See Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 n.3 (11th Cir. 2012). Thus, raising only one of the alleged errors does not give the state a fair opportunity to consider and correct the alleged claim of cumulative error.

7

deferential standard." *Id.* Petitioner has the burden of proof on his ineffectiveness claim, *see Holsey v. Warden*, 694 F.3d 1230, 1256 (11th Cir. 2012), as well as the burden of proof under § 2254(d). *See Pinholster*, 563 U.S. at 181.

Here, the trial reasonably rejected Petitioner's claim regarding expert witness testimony. The trial court found that not calling the expert "was a reasonable tactical decision" and noted in support that petitioner "knowingly waived calling [the] expert witness." [ECF No. 11-3 at 16]. The record supports this finding. [ECF No. 12-1 at 5-8]. Thus, there is a reasonable argument that trial counsel did not deficiently fail to call the expert. *See Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*) ("Which witnesses, if any, to call . . . is the epitome of a strategic decision, and it is one that [the Eleventh Circuit] will seldom, if ever, second guess."); *see also Pitts v. Sec'y, DOC & Fla. Att'y Gen.*, No. 2:15-CV-13-FTM-29MRM, 2016 WL 128559, at *5 (M.D. Fla. Jan. 12, 2016) ("If the Defendant consents to counsel's strategy, there is no merit to a claim of ineffective assistance of counsel.") (citing *Gamble v. State*, 877 So. 2d 706, 714 (Fla. 2004)).

In sum, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.[3] Thus, this claim should be denied as well.

B.  Claim Two

Petitioner contends that the "state violated [his] Sixth and Fourteenth Amendment rights in [a] scheme to exclude African Americans [from the jury]." [ECF No. 1 at 7]. In support, he

---

[3] Even if it were not procedurally defaulted, petitioner's wholly conclusory claim that trial counsel misadvised him to reject a 5-year plea offer would fail on the merits. Petitioner stated on the record at trial that he was uninterested in taking the plea and wished to go to trial. [ECF No. 12-1 at 9-10]. Furthermore, he maintains here that he is "actually and legally innocent." [ECF No. 1 at 5]. Therefore, even under *de novo* review, he could not show prejudice on this claim. *See Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (to prove prejudice on claim that counsel misadvised defendant to reject plea, defendant must show that, but for the alleged misadvice, he would have accepted the plea); *see also Osley v. United States*, 751 F.3d 1214, 1224 (11th Cir. 2014) ("[The defendant's] claim that he would have pled guilty had he been properly informed is also undermined by his repeated claims of innocence.").

contends that the state "systematically excluded African Americans from the jury." [*Id.*] Further, he states that "[e]vidence was adduced at trial that showed systematic racial challenges to prospective jurors." [*Id.*] He appears to add that the state did not have a genuine, race-neutral reason to strike "juror Forbes." [*Id.*] Petitioner provides no further allegations to support this claim. [*Id.* at 7-8].

Petitioner raised this claim on direct appeal in a supplemental brief. [ECF No. 11-1 at 84, 92-94]. The Fourth District affirmed without comment. *See Metellus*, 231 So. 3d 1274. This claim is conclusory and fails for this reason alone. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements." (citing R. 2(c), Rules Governing § 2254 Cases)); *see also Garlotte v. Fordice*, 515 U.S. 39, 46 (1995) ("[T]he habeas petitioner generally bears the burden of proof[.]").

Furthermore, the Fourth District reasonably rejected this claim. During voir dire, the trial court found that one seated juror was a black Hispanic, and another was a Trinidadian immigrant of part black origin. The record supports these findings. [ECF No. 12-2 at 120, 129, 132-34]; *see also Eagle v. Linahan*, 279 F.3d 926, 942 (11th Cir. 2001) (stating that the "presence of blacks on the jury" is a "significant," albeit nondispositive, consideration when evaluating a claim of racial discrimination under *Batson v. Kentucky*, 476 U.S. 79 (1991)).

Moreover, although the prosecutor used four of his five preemptory challenges on prospective black jurors, the court found that the prosecutor gave genuine and race-neutral reasons for the challenges, and the record supports this finding. *See generally* [ECF No. 10 at 15-31 (citing relevant portions of trial transcript)]. Petitioner's conclusory allegations fail to show otherwise. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (*per curiam*) ("Mere conclusory statements do not raise a constitutional issue in a habeas case." (citations omitted)).

In sum, the Fourth District's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.[4] Accordingly, this claim should be denied.

C.  Claim Three

Petitioner alleges that the state violated the "Sixth and Fourteenth Amendments by admitting tampered evidence." [ECF No. 1 at 8]. In support, he incorporates the rambling attachment discussed above. [*Id.*] This claim is procedurally defaulted for the reasons in Part III(A). Furthermore, this claim would fail even if treated as an exhausted due process claim. This is because federal courts "will not grant federal habeas corpus relief based on an evidentiary ruling unless the ruling affects the fundamental fairness of the trial." *Sims v. Singletary*, 155 F.3d 1297, 1312 (11th Cir. 1998) (citation omitted).

Here, Petitioner admitted in his recorded statement that he went to the scene of the crime to try to purchase a kilogram of cocaine for $23,000 so that he could sell it for approximately $25,000. [ECF No. 12-4 at 119-20]. Moreover, while the cocaine admitted at trial weighed around nine grams less than the cocaine involved in the offenses, a criminalist testified that factors such as time, temperature, and humidity could account for this difference. [ECF No. 12-5 at 28-30].

The court rejected counsel's argument that the cocaine was inadmissible, concluding that "the record does not support the fact that there [was] . . . any type of tampering or integrity issues in [that] case." [*Id.* at 39]. Further, the court noted that "many of the issues [that counsel] raised [were] issues that [were] appropriate for [counsel] to argue to the jury [regarding the weight of the

---

[4] To the extent Petitioner raises claim two as an ineffectiveness claim, it would fail. One, the claim is conclusory. *See Boyd v. Comm'r, Ala. Dep't of Corrs.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012). Two, trial and appellate counsel raised this very argument.

evidence]," [*id.* at 40], which counsel did during closing, [ECF No. 12-6 at 83-85]. In short, claim three is procedurally defaulted and meritless. Thus, it should be denied.

## IV.     Evidentiary Hearing

Petitioner is not entitled to an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing [under § 2254]."); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318 (11th Cir. 2016) (petitioner not entitled to evidentiary hearing under § 2254 if fails to allege "enough specific facts that, if they were true, would warrant relief").

## V.      Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2254 Cases. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." R. 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). By

contrast, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, the Undersigned denies a certificate of appealability. If Petitioner disagrees, he may so argue in any objections filed with the District Court. *See* R. 11(a), Rules Governing § 2254 Cases ("Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.").

## VI.     Recommendations

As discussed above, it is recommended that Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1] be DENIED; that no certificate of appealability issue; that final judgment be entered; and that the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 19th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Kens Metellus
898789
Jefferson Correctional Institution
Inmate Mail/Parcels
1050 Big Joe Road
Monticello, FL 32344
PRO SE

Georgina Jimenez-Orosa
Attorney General Office
1515 N Flagler Drive
Suite 900
West Palm Beach, FL 33401-3432
561-837-5000
Fax: 837-5099
Email: CrimAppWPB@MyFloridaLegal.com

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com